■ RENEE GELLER, Appellant, v. DAVID GELLER, Respondent.— Judgment and order unanimously modified, on the facts, in accordance with memorandum and as modified affirmed, without costs. Memorandum: Petitioner appeals from a judgment and order reducing respondent's alimony and support payments from $110 to $80 per week, and declaring arrears in payments to be reduced from $2,160 to $1,570. Petitioner alleged that respondent owed her $4,400 in alimony and support payments of which he had paid $2,340. Therefore, respondent was in arrears in the amount of $2,060, and not $2,160 as alleged by petitioner and the judgment against the respondent for arrears therefore is reduced from $1,570 to $1,470. (Appeal from judgment and order of Erie Trial Term in action for support payments.) Present — Marsh, P. J., Moule, Cardamone, Simons and Del Vecchio, JJ.

■ In the Matter of PASTA CHEF, INC., Appellant, v. STATE LIQUOR AUTHOR-ITY, Respondent.— Order unanimously affirmed, without costs. Memorandum: In this article 78 proceeding petitioner appeals from an order which denied, after reargument, its application to examine before trial two of respondent's commissioners. The motion was brought pursuant to CPLR 3102 (subd. [f]). It should have been brought pursuant to CPLR 408 since this is a special proceeding and not an action. In either event the trial court properly exercised its discretion in denying disclosure and we affirm its order. (Appeal from order of Monroe Special Term in article 78 proceeding to review denial of license.) Present — Moule, J. P., Simons, Mahoney, Goldman and Witmer, JJ.

■ In the Matter of ERNEST W. SPEACH, as Commissioner of Public Works of the City of Syracuse, Appellant, v. GORDON H. SMITH et al, Respondents.— Motion granted and reargument scheduled for the April 1975 Term of this court in accordance with the following memorandum: In our decision on this appeal we modified the award of the condemnation commissioners because we held that they had adjusted the market data downward to find a value based upon use of the property as Residential BB-1 and then improperly added to that figure an increment of 30% to reflect the probability that the property would be rezoned from the existing Residential-A classification to Residential RB-1. Upon this motion the property owners contend that we lacked the power to modify the award under the applicable law (L. 1914, ch. 300, as amd.) and that we misinterpreted the evidence and the commissioners' findings. We hold that the Appellate Division is granted the authority to modify the award by that statute (cf. *Matter of Ford* [*Siska*], 22 N Y 2d 834; *Matter of Ford* [*Dosseff*], 36 A D 2d 352). Upon reargument the parties should confine themselves to the adjusted land value found by the appraisers, the range of evidence and the final land value adopted by the commissioners. Present — Marsh, P. J., Cardamone, Simons, Mahoney and Witmer, JJ.

■ In the Matter of MARTIN R. BRADLEY, JR.— Order entered terminating suspension and reinstating petitioner as an attorney and counselor at law.